## CIRCUIT COURT OF PATRICK COUNTY

Martin

v.

Cesaro

November 17, 1998

Case No. LH97-2730

BY JUDGE DAVID V. WILLIAMS

This matter has come to be heard on a Motion in Limine, filed on behalf of the defendant, to reduce the amount of past health care expenses the plaintiff can introduce and claim at trial by the amount said expenses have been forgiven or written off by plaintiff's health care providers.

To the best of my knowledge, this is the first time this issue has come before the Court, and the Court has benefitted from the excellent memoranda of law propounded by both parties. The issue is obvious, how much can the plaintiff claim for medical expenses when the doctor bills one amount but accepts a lower figure as payment from a health plan? Should the plaintiff be able to recover the full amount stated on the bill, or should the plaintiff only get the amount paid the doctor, since he will never be liable for the written off portion?

The Supreme Court of Virginia in *State Farm v. Bowers*, 255 Va. 581 (1998), held that in litigation involving reimbursement for medical expenses incurred by an insured under a medical payments provision of an automobile policy, the term "incurred" includes only those amounts that the insured would be legally obligated to pay. Hence, the plaintiff was not entitled to the written off portion of the bill.

The plaintiff acknowledges the ruling of *Bowers* but contends the same rule does not apply in the case of third party liability and that in those situations, the collateral source rule applies.

In essence, the collateral source rule provides that a tortfeasor cannot reduce his liability to an injured party by use of benefits recovered by the

injured party from an outside source. Most often, the rule has been applied with reference to insurance coverage a plaintiff might have that would help to make him or her whole, but other cases have applied the rule to Social Security benefits, public and private pension payments, unemployment and workers' compensation benefits, vacation and sick leave allowance, and other payments made by employers to injured employees, both contractual and gratuitous. See generally, 22 Am. Jur. 2d, *Damages*, §§ 206-211 (1965).

In *Schickling v. Aspinall*, 235 Va. 472 (1988), the Virginia Supreme Court stated "compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." The Court further stated:

> [T]he collateral source rule is designed to strike a balance between the competing principles of tort law: (1) The plaintiff is entitled to compensation sufficient to make him whole but no more; and (2) a defendant is liable for all damages that proximately result from his wrong. A plaintiff who receives a double recovery for a single tort enjoys a windfall; a defendant who escapes, in whole or in part, liability for his wrong enjoys a windfall. Because the law must guarantee one windfall and deny the other, it favors the victim of the wrong rather than the wrongdoer.

*Id*. at 495.

Here the plaintiff claims he was injured as a result of the defendant's negligence. He underwent medical treatment for the injuries and became indebted to his physician for the cost of same when the services were rendered.[1] He applied to his health insurance carrier to pay the medical bills, pursuant to his contract with his insurer. The insurance paid a portion of the bills and arranged for a portion to be written off by the health care providers. He paid for this benefit through his premiums, and this Court is of the opinion that the written off or forgiven portion of the plaintiff's medical bills are benefits purchased by the plaintiff the same as the actual cash payments received from the insurance carrier. The collateral source rule would prohibit the tortfeasor from being given the benefit of that bargain.

---

[1] The plaintiff contends that the exact amount of bills written off are unproved. The Court agrees, but it is apparent from looking at the bills submitted by the plaintiff that some amount was, in fact, written off, and this opinion assumes that to be the fact.

The defendant contends that the effect of applying the collateral source rule to this situation would encourage plaintiffs and their doctors to unfairly "pad" their bills. The plaintiff can only claim reasonable and necessary bills, and the defendant would have the opportunity, as always, to challenge unreasonable or unnecessary bills or treatment.

The Motion in Limine is denied.